[941 NYS2d 229]

In the Matter of SANDRA M. ZUPANSKI (Admitted as SANDRA MELANIE ZUPANSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 3, 2012

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Scalise and Hamilton*, White Plains (*Deborah A. Scalise* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The instant application is predicated upon an order of the Supreme Court of Washington, following entry of a stipulation of suspension filed by the Washington State Bar Association Disciplinary Board (hereinafter the Board) on or about August 8, 2006. Pursuant to that order, the respondent was voluntarily suspended from the practice of law for a period of three years, effective November 14, 2006, with reinstatement conditioned on proof of payment, in full, of restitution to four clients, arising from: failing to maintain complete records of all client funds and failing to render appropriate accounts to her clients, in violation of Washington Rules of Professional Conduct (hereinafter RPC) rule 1.14 (b) (3); depositing her own funds into her Interest on Lawyers Trust Account (hereinafter IOLTA account) and failing to promptly remove earned fees from the account, in violation of RPC rule 1.14 (a); failing to promptly pay, to four clients, those funds to which they were entitled, in violation of RPC rule 1.14 (b) (4); failing to notify a client promptly of the receipt of funds, in violation of RPC rule 1.14 (b) (1); falsely informing a client that she maintained a client ledger when, in fact, she did not, and failing to inform three clients that she had paid less for liens than the amounts indicated on the respective settlement statements, in violation of RPC rules 1.4 (b) and 8.4 (c); falsely stating in her statement to the Washington State Bar, dated September 11, 2005, that she had paid a client the funds belonging to him from the reduction in the amount of a lien, in violation of RPC rules 8.4 (c) and (l) by virtue of her violation of the Rules for Enforcement of Lawyer Conduct (hereinafter ELC) rule 5.3 (e); and failing to respond promptly to the Washington State Bar's requests for information and documents in violation of RPC rule 8.4 (l) by virtue of her violation of ELC rule 5.3 (e).

Since the respondent is a documented victim of domestic violence, it was further stipulated and agreed that the respondent would undergo an independent mental health evaluation by a licensed clinical psychologist or psychiatrist approved in advance by the Board; that the respondent would pay all costs associated with this examination and report, including the costs of obtaining medical records; and that, following reinstatement to the active practice of law, the respondent would be on proba-

tion pursuant to ELC rule 13.8 for a period of two years. During the probationary period, the respondent agreed to comply with any and all conditions recommended by the independent mental health examiner's report, such as demonstrated compliance with any recommended treatment plan. In the event there were any such conditions, the respondent agreed to promptly execute any necessary releases so that any treatment provider could report her compliance with the evaluator's or the treatment provider's recommendation no less than quarterly. Further, during the probationary period, the respondent was required to have her IOLTA account records reviewed by the Washington State Bar's auditors at six-month intervals. Finally, the respondent agreed to pay the costs of the auditor's time, at the auditor's hourly rate, as well as any other costs associated with the terms of her probation. The respondent resigned from the Washington State Bar in or about 2007, prior to her completion of the foregoing.

The respondent was personally served with written notice pursuant to 22 NYCRR 691.3 and Judiciary Law § 90 (6) on May 24, 2011. On or about June 7, 2011, she served a verified statement pursuant to 22 NYCRR 691.3 (c) (3), in which she did not raise any of the enumerated defenses to discipline or demand a hearing. Rather, the respondent requested that the Court consider, in mitigation, the unintentional nature of her misconduct in Washington State. She avers that she did not intentionally harm clients while practicing law in that state, and that she did not purposely conceal or misrepresent any of the circumstances of her misconduct to the disciplinary authorities there. Moreover, she states that, after relocating to New York in 2007, she endured further domestic violence.

Since in or about 2007, the respondent avers that she has sought counseling from an organization known as "My Sister's Place," as well as private therapy. In the interim, she has sought regular, nonlegal employment while living with, and caring for, her mother. Currently, the respondent volunteers with the Hospice of Westchester as an administrative assistant in the Human Resources Department. The respondent also visits with patients.

Although the respondent has not practiced law since returning to New York, she avers that she has maintained her registration, and has taken the requisite continuing legal education credits to maintain her skills.

The respondent does not contest the imposition of reciprocal discipline. Thus, there is no impediment to the imposition of same at this juncture.

Inasmuch as the respondent has asserted none of the enumerated defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Ninth Judicial District is granted, and the respondent is suspended from the practice of law for a period of three years, nunc pro tunc to November 14, 2006, the effective date of the order of the Supreme Court of Washington.

Mastro, A.P.J., Rivera, Dillon, Angiolillo and Román, JJ., concur.

Ordered that the application of the Grievance Committee for the Ninth Judicial District to impose discipline in New York is granted; and it is further,

Ordered that the respondent, Sandra M. Zupanski, admitted as Sandra Melanie Zupanski, is hereby suspended from the practice of law for a period of three years nunc pro tunc to November 14, 2006, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement, upon furnishing satisfactory proof that during said period she (1) refrained from practicing or attempting to practice law in New York, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90 and until the further order of this Court, the respondent, Sandra M. Zupanski, admitted as Sandra Melanie Zupanski, shall desist and refrain from (1) practicing law in New York in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law in New York before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to New York law or its application or any advice in relation thereto, and (4) holding herself out in any way as a New York attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Sandra M. Zupanski, admitted as Sandra Melanie Zupanski, has been issued a secure pass by the Office of Court Administration, it shall be returned forth-

with to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).